UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ALI M. DUALEH, JAWAHER SHREH, individually and on behalf of their minor children S.M. (age 11), A.M. (age 8), A.M. (age 7), A.M. (age 5), A.M. (age 4), and S.M. (8 months); and MOHAMMED MIRREH,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, ROBERT BROOKS, BAN TIEN, THOMAS PHILLIPS, LANCE GRAY, KEVIN KEYES, KEITH KING, P. KORDEL, DAVE LIEBMAN, JEFF MCCLANE, and BRET SHAVERS<br><br>Defendants. | No.<br><br>COMPLAINT FOR DAMAGES |

COME NOW Plaintiffs, Ali M. Dualeh and Jawaher Shreh, individually and on behalf of their minor children S.M. (age 11), A.M. (age 8), A.M. (age 7), A.M. (age 5), A.M. (age 4), and S.M. (8 months),[1] and Mohammed Mirreh, and allege as follows:

**NATURE OF THE ACTION**

This is an action to recover damages and to obtain declaratory and injunctive relief under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); 42 U.S.C. § 1983; the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*; and state law.

---

[1] Ages of the minor children Plaintiffs set forth in this Complaint are their ages on July 26, 2006.

COMPLAINT FOR DAMAGES - 1

The claims arise from the acts of a joint federal-local police task force during the execution of a federal search warrant at the Plaintiffs' residence in Kent, Washington on July 26, 2006.

## I. PARTIES

1.1. Plaintiffs.

    1.1.1. Ali Mirreh Dualeh is a legal permanent resident in the United States born in Somalia. At all times material to this case, he was a resident of Kent, King County, Washington.

    1.1.2. Jawaher Shreh is a citizen of the United States born in Somalia. At all times material to this case, she was a resident of Kent, King County, Washington.

    1.1.3. Mohammed Mirreh is a citizen of the United States, born in Somalia, and is the son of Mr. Dualeh and Ms. Shreh. At all times material to this case, he was a resident of Kent, King County, Washington. At the time of the July 26, 2006 raid, he was 17 years old

    1.1.4. S.M. (age 11) is the minor daughter of Mr. Dualeh and Ms. Shreh. She is a citizen of the United States born in Syria. At all times material to this case, she was a resident of Kent, King County, Washington.

    1.1.5. A.M. (age 8) is the minor son of Mr. Dualeh and Ms. Shreh. He is a citizen of the United States born in Syria. At all times material to this case, he was a resident of Kent, King County, Washington.

    1.1.6. A.M. (age 7) is the minor son of Mr. Dualeh and Ms. Shreh. He is a natural born citizen of the United States. At all times material to this case, he was a resident of Kent, King County, Washington.

COMPLAINT FOR DAMAGES - 2

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604   Fax 206.343.3961

9350.1 cf221403

1.1.7. A.M. (age 5) is the minor son of Mr. Dualeh and Ms. Shreh. He is a natural born citizen of the United States. At all times material to this case, he was a resident of Kent, King County, Washington.

1.1.8. A.M. (age 4) is the minor son of Mr. Dualeh and Ms. Shreh. He is a natural born citizen of the United States. At all times material to this case, he was a resident of Kent, King County, Washington.

1.1.9. S.M. (age 8 months) is the minor son of Mr. Dualeh and Ms. Shreh. He is a natural born citizen of the United States. At all times material to this case, he was a resident of Kent, King County, Washington.

1.2   Defendants.

1.2.1. Defendant United States of America operates the Drug Enforcement Administration ("DEA") within the United States Department of Justice. The DEA is the federal law enforcement agency that arranged, controlled and supervised the execution of a federal narcotics search warrant at Plaintiffs' apartment at 12800 SE 272nd Place, in Kent, Washington (hereinafter "the entry and search"). The DEA enlisted officers from the Renton Police Department ("RPD") and Valley Narcotics Enforcement Team ("VNET") to gain entry to Plaintiffs' residence and conduct aspects of the search.

1.2.2. Defendant Robert Brooks is a Special Agent ("SA") at the DEA. Defendant Brooks planned the raid of Plaintiffs' residence, filed an Application and Affidavit of Search Warrant that led to the entry and search.

1.2.3. Defendant Ban Tien is a Special Agent ("SA") at the DEA. Defendant Tien planned, supervised, and/or participated in the entry and search of Plaintiffs' residence.

COMPLAINT FOR DAMAGES - 3

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9350.1 cf221403

1.2.4. Defendant Thomas Phillips is a Special Agent ("SA") at the DEA. Defendant Phillips planned, supervised, and/or participated in the entry and search of Plaintiffs' residence.

1.2.5. Defendant Detective Sergeant Dave Liebman is a detective at the Renton Police Department ("RPD"). Defendant Liebman planned, supervised, and participated in the forcible entry aspect of the the entry and search of Plaintiffs' residence.

1.2.6. Defendant Lance Gray is a detective at the RPD and member of the Valley Narcotics Enforcement Team ("VNET"). Defendant Gray participated in the entry and search of Plaintiffs' residence.

1.2.7. Defendant Kevin Keyes is a detective at the RPD who participated in the entry and search of Plaintiffs' residence.

1.2.8. Defendant Keith King is a detective at the Tukwila Police Department ("TPD") and a member of VNET. Detective King participated in the entry and search of Plaintiffs' residence.

1.2.9. Defendant P. Kordel is a canine officer with the RPD who participated in the entry and search of Plaintiffs' residence.

1.2.10. Defendant Jeff McClane is a detective at the Auburn Police Department ("APD") and a member of VNET. Defendant McClane participated in the entry and search of Plaintiffs' residence.

1.2.11. Defendant Bret Shavers is a detective at RPD who participated in the entry and search of Plaintiffs' residence.

1.2.12. The VNET detectives and the RPD detectives/officers named in the preceding paragraphs will be referred to respectively as "VNET Defendants" and "RPD

COMPLAINT FOR DAMAGES - 4

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9350.1 cf221403

Defendants" hereinafter, without specifying by name each detective's role in the events. The DEA reports obtained by Plaintiffs prior to filing do not specify the roles played by each detective. Without discovery, Plaintiffs currently have insufficient information to determine the specific acts and omissions of each participant VNET and RPD detective. However, available documents indicate, and Plaintiffs allege, that each of the Defendants either participated directly in the actions complained of here or were present and acceded in those actions by other defendant officers.

1.2.13. At least some of the individual Defendants are residents of the Western District of Washington.

## II. JURISDICTION AND VENUE

2.1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367, and 1402.

2.2. With respect to Plaintiffs' claims under the FTCA, Plaintiffs' filed tort claims with the DEA on July 23, 2008. On May 21, 2009, the DEA denied the administrative claim. Plaintiffs' administrative remedies are thereby exhausted. Having exhausted administrative remedies, the jurisdiction of this Court is invoked in regard to the FTCA cause of action under 28 U.S.C. § 1346 where the United States is now the proper party.

2.3. Venue is appropriate in the Western District of Washington because all or a substantial part of the events complained of occurred in this District, Plaintiffs reside in this District, and some of the Defendants reside in this District. *See* 28 U.S.C. §§ 1391(b) and 1402(b).

COMPLAINT FOR DAMAGES - 5

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9350.1 cf221403

### III. FACTS

3.1. <u>Events Surrounding July 26, 2006 Forced Entry and Search Warrant Execution.</u>

3.1.1. Plaintiff Ali Mirreh Dualeh is a refugee in Somalia and is now a legal permanent resident of the United States. Plaintiff Jawaher Shreh is Mr. Dualeh's wife. Mohammed Mirreh, S.M. (age 11), A.M. (age 8), A.M. (age 7), A.M. (age 5), A.M. (age 4), and S.M. (8 months) are the minor children of Ali Dualeh and Jawaher Shreh ("the minor Plaintiffs"). All Plaintiffs are devout and practicing Muslims and have been all their lives.

3.1.2. On July 26, 2006, Plaintiff Mohammed Mirreh was 17 years old.

3.1.3. Plaintiffs were at all material times residents of Kent, King County, Washington and rented under a lease agreement, in the name of Mr. Dualeh, an apartment located at 12800 Southeast 272nd Place, Apartment 4 in Kent, Washington ("the Residence"). The utilities for the residence were registered to Ms. Shreh.

3.1.4. On July 20, 2006, a federal grand jury indicted eighteen persons of Somali origin in New York and Seattle for conspiracy to import and distribute *khat* in the wake of a DEA investigation dubbed "Operation Somalia Express." *Khat* is the common name for Catha Edulis, a leafy herb widely used in the Horn of Africa and lower Arabian Peninsula and consumed legally in several European countries. *Khat*, thought not illegal in itself, is chewed and contains small amounts of cathinone and cathine, mild stimulants classified respectively under U.S. law as Schedule I and Schedule IV controlled substances. Within 48-72 hours of harvesting *khat*, any cathinone contained in the *khat* breaks down into cathine. Without testing each specimen after harvest, it is not possible to ascertain the extent, if any, to which cathinone or cathine remains in *khat*.

COMPLAINT FOR DAMAGES - 6

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9350.1 cf221403

3.1.4.  On July 24, 2006 DEA Special Agent Robert Brooks submitted an Application and Affidavit for Search Warrant to Magistrate Judge Mary Alice Theiler in the Western District of Washington. Mr. Dualeh was named in the federal indictment, but his wife, Ms. Shreh, and their children were not. The search warrant was to apply to seventeen addresses throughout King County, including Plaintiffs' residence. The affidavit stated there was probable cause to seize *khat* and other unidentified "controlled substances"; drug paraphernalia; drug transaction records; customer, coconspirator and supplier information; cash and financial records; photographs; property records; and "firearms to guard drugs and cash at the location." The basis for the search of Plaintiffs' residence was that Mr. Dualeh allegedly had phone conversations about buying *khat*. The warrant indicated no particular information that Mr. Dualeh, Ms. Shreh, any of Mr. Dualeh's minor children, or any other person at the residence could be considered armed or dangerous. The affidavit also did not seek a warrant with a "no-knock entry," and Magistrate Judge Theiler did not authorize a "no-knock entery" in the warrant issued on July 24, 2006.

3.1.5.  On July 26, 2006, in the early morning, SA Ban Tien and SA Thomas Phillips met with the VNET and RPD detectives to conduct operational briefings before establishing surveillance at Plaintiffs' residence. According to the DEA Report of Investigation ("the DEA Report"), SA Ban Tien did not note any activity or unusual circumstances at the residence.

3.1.6.  On July 26, 2006, Plaintiff Shreh, who was lying awake after having finished her morning prayers and having fed her baby, heard a loud banging noise and sat up to call the police. Plaintiff Ali Dualeh also heard a loud banging noise and exited the bedroom to

COMPLAINT FOR DAMAGES - 7

MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9350.1 cf221403

see what was happening. None of the Plaintiffs heard any announcement of the officers' purpose for being outside the residence. They also did not refuse entry to any officers.

3.1.7.  Without waiting a reasonable time after knocking, Defendants SA Ban Tien, SA Thomas Phillips, RPD Defendants and VNET Defendants, all dressed in black paramilitary gear and with guns drawn, broke into the first floor.

3.1.8.  SA Ban Tien, SA Thomas Phillips, RPD Defendants and VNET Defendants tackled Ms. Shreh and Mr. Dualeh on the second floor of the apartment, in the area between the bedroom and the stairs. These Defendants hit Mr. Dualeh in the mouth and in the low back. Neither Mr. Dualeh nor Ms. Shreh resisted the intruding officers.

3.1.9.  Plaintiff Mohammed Mirreh was sleeping in his bedroom, and his brother, A.M. (age 5), was sleeping on the bed nearby. Mohammed Mirreh awoke to noise and saw a gun pointed at his head. The RPD and VNET Defendants forcefully pulled Mohammed Mirreh up into a standing position, and then forced him to the floor and handcuffed him.

3.1.10. The RPD and VNET Defendants corralled Ms. Shreh and her children into a single bedroom and stood at the door with guns drawn. The RPD and VNET Defendants pointed guns at the children. The children saw the RPD and VNET Defendants point guns at their mother, father, and brother (Mohammed). The children were wearing very little clothing, and S.M. (age 11), a Muslim girl, did not have a headscarf on. Ms. Shreh, also a Muslim woman, was not properly dressed to be in the presence of strange men and did not have a headscarf on. S.M. (age 11) repeatedly requested to put on a headscarf and proper clothing, explaining that under her Muslim religion it was shameful to be exposed to unrelated men or photographed without a headscarf and while indecently clothed. Despite these explanations, SA Phillips and other RPD and VNET Defendants refused her request to retrieve proper clothing as

COMPLAINT FOR DAMAGES - 8

9350.1 cf221403

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

was required by her religious beliefs and made her stand in the plain view of the officers. Despite Ms. Shreh's protests that SA Phillips was invading her privacy and violating her religious beliefs, SA Phillips photographed and videotaped Ms. Shreh without clothing required by her religious beliefs. SA Phillips and/or the RPD and VNET Defendants also photographed Mr. Dualeh and the children, including S.M. (age 11), without clothing plaintiffs considered proper and consistent with their religious beliefs. During this detention, the children were not permitted to use the bathroom. The children were visibly frightened and were crying.

3.1.12. While she was being detained in this way, Ms. Shreh knew that her baby was still in a different room without any supervision. Ms. Shreh repeatedly asked the officers to retrieve her baby from the other room, but the officers refused her request. After approximately 30 minutes, the officers allowed S.M. (age 11) to retrieve the baby from the other room. S.M. (age 11) found the baby, S.M. (age 8 months), on the floor. The officers did not allow Ms. Shreh to feed her baby and she was unable to do so until after they left the residence.

3.1.13. Ms. Shreh also requested permission from the officers to retrieve appropriate clothing. Plaintiff Shreh tried to explain that her Muslim religion and Somali custom require that she wear a headscarf at all times in the presence of men to whom she is not related. Despite these explanations, and those by her daughter (S.M. age 11), SA Phillips and other RPD and VNET Defendants refused to allow Ms. Shreh and S.M. (age 11) to cover their heads and bodies as was required by their religious beliefs and made them stand in the plain view of officers.

3.1.14. While processing the arrest scene, SAs Tien and Phillips observed and/or participated as RPD Detective Sgt. Leibman and other RPD and VNET Detectives seized

COMMPLAINT FOR DAMAGES - 9

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9350.1 cf221403

Plaintiffs' property under the supervision and direction of SAs Tien and Phillips. SAs Tien and Phillips seized $960.00 in cash, documents, and cellular phones.

3.1.16. After the scene was secured, an officer took Mr. Dualeh to the Tukwila City Jail. At the Tukwila City Jail, the officer transferred custody of Mr. Dualeh to a Tukwila officer to drive to the DEA office. This Doe officer grabbed Mr. Dualeh, while he was still handcuffed, held him by the nape of his neck, threw him into the back of a truck, and kicked the truck door closed. Officer Doe drove fast to the DEA office so that Mr. Dualeh fell on the floor during the journey.

3.1.17. Defendants Tien and Phillips, and the RPD and VNET Defendants remained at Plaintiffs' residence for several hours. Until the time SA Tien, SA Phillips, and the RPD and VNET officers left, Plaintiff Shreh had been handcuffed, visible to male police officers and others, without appropriate clothing or head cover. The minor Plaintiffs had likewise been handcuffed and detained without proper clothing or head cover for the duration of the search lasting several hours. By this time, Defendants were on notice that Ms. Shreh and S.M. (age 11) perceived themselves to be improperly clothed because their religious beliefs required that they be dressed in opaque clothing and that they wear a head scarf. These Defendants nonetheless refused to retrieve appropriate clothing and a head scarf for Ms. Shreh and S.M. (age 11) as was required by their religious beliefs and made them stand in the plain view of the officers who were unrelated men.

3.1.18. Defendants left Plaintiffs' residence in complete disarray; the doorjamb and door were damaged from the force used to open the door; and the furniture was flipped over.

3.1.19. Within 24 hours of the raid, Plaintiff Shreh found a 48 Hour Vacate Notice from King County Housing Authority on her front door.

COMPLAINT FOR DAMAGES - 10

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

9350.1 cf221403

3.1.20. Defendants did not find any *khat*, weapons, contraband, or other instrumentalities of crime in Plaintiffs' home.

3.1.21. Plaintiffs were severely traumatized by the forced entry into their home, the aggressive manner of restraint, and the prolonged detention. The Plaintiffs lost liberty, suffered trespass to and damage to their property, and suffered physical pain from the force used to restrain them. Mohammed Mirreh suffered trauma and pain when the officers pointed guns at his head. Plaintiffs Dualeh and Shreh experienced the emotional distress of witnessing their children restrined at gunpoint. The minor Plaintiffs suffered pain and outrage when they witnessed SA Tien, SA Phillips, and the RPD and VNET Defendants point guns at their parents and brother. Plaintiff Shreh and the minor Plaintiffs suffered shame and outrage when, despite many protestations, the officers photographed them and knowingly forced to stand in a state of dress Plaintiffs considered indecent and violative of their devout religious beliefs.

## IV.   CLAIMS FOR RELIEF

**COUNT ONE**
(Bivens *Actions Against DEA Defendants*)

4.1   As described above, the acts and omissions of Defendants SAs Robert Brooks, Ban Tien and SA Thomas Phillips of the DEA, in their capacities as actors, supervisors and planners of the raid, caused Plaintiffs to be deprived of rights guaranteed by the Fourth Amendment to the United States Constitution, the rights to be free from unreasonable searches and seizures of their home, person and effects.

4.2.   As described above, the acts and omissions of Defendants SA Ban Tien and SA Phillips of the DEA, in their capacities as actors in and supervisors of the raid, caused Plaintiffs

COMPLAINT FOR DAMAGES - 11

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9350.1 cf221403

Shreh and S.M. (age 11) to be deprived of the right to free exercise of religion and religious equality guaranteed by the First and Fifth Amendments to the Constitution of the United States.

## COUNT TWO
*(Section 1983 Actions Against Municipal Police Officers)*

4.3     As described above, the acts and omissions of the Defendants Detective Sergeant Dave Liebman, Det. Lance Gray Det. Kevin Keyes, Det. Keith King, Officer P. Kordel, Det. Jeff McClane, and Det. Bret Shavers, in their capacities as actors, supervisors and/or planners of the raid, caused Plaintiffs to be deprived of rights guaranteed by the Fourth Amendment to the United States Constitution, the rights to be free from unreasonable searches and seizures of their home, person and effects.

4.4     As described above, the acts and omissions of the Defendants Detective Sergeant Dave Liebman, Det. Lance Gray Det. Kevin Keyes, Det. Keith King, Officer P. Kordel, Det. Jeff McClane, and/or Det. Bret Shavers, in their capacities as actors and/or supervisors, caused Plaintiffs Shreh and S.M. (age 11) to be deprived of the right to free exercise of religion and religious equality guaranteed by the First and Fourteenth Amendments to the Constitution of the United States.

## COUNT THREE
*(FTCA Claim Against the United States)*

4.7     By virtue of the acts and omissions set forth above, the United States is liable for the negligent supervision of the municipal officers with respect to execution of the search warrant on July 26, 2006 at Plaintiffs' residence.

## V.     RELIEF REQUESTED

WHEREFORE, Plaintiffs request relief as follows:

5.1     Compensatory damages;

COMPLAINT FOR DAMAGES - 12

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9350.1 cf221403

1    5.2    Punitive damages from any Defendant to the extent permitted by law;

2    5.3    Costs, including reasonable attorneys' fees under 42 U.S.C. § 1988 and to the extent otherwise permitted by law;

3    5.3    Such other relief as may be just.

DATED this 24th day of June, 2009.

MacDONALD HOAGUE & BAYLESS

By: _____
Timothy K. Ford, WSBA # 5986
David Whedbee, WSBA #35977
Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES - 13